

U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

Deborah J. Gannett
*Assistant U.S. Attorney*

970 Broad Street, Suite 700
Newark, NJ 07102

(973)645-2700

February 27, 2014

**VIA FEDERAL EXPRESS**
The Honorable Renee Marie Bumb
United States District Judge
Mitchell H. Cohen Federal Courthouse
One John F. Gerry Plaza
Camden, New Jersey 08101

  Re: United States v. Ronzell Mitchell, Criminal No. 13-538 (RMB)
    United States v Stephanie Mitchell, Criminal No. 13-537 (RMB)

Dear Judge Bumb:

  Defendant Ronzell Mitchell and defendant Stephanie Mitchell have filed a motion to request a hearing challenging disputed and unresolved matters contained in the final Pre Sentence Report which is scheduled to be heard Your Honor on March 3, 2014, at 11:00 a.m. Please accept this letter memorandum in lieu of a more formal brief from the government in opposition to this motion.

  As a preliminary matter, while the Government has objected to the two-level enhancement for victims, for the reasons stated in its January 14, 2014 letter to U.S. Probation Officer Kimberly Artist, after reviewing the amended final Pre Sentence Reports dated February 18, 2014 (hereinafter "PSRs") both appear to be consistent with the facts that have been developed during the investigation and none of the disputed facts affect sentencing.

  <u>Burden of proof on motion</u>

  "[T]he standard of proof under the guidelines for sentencing facts continues to be preponderance of the evidence." <u>United States v. Dragon</u>, 471 F.3d 501, 506-07 (3d Cir. 2006); <u>United States v. Hoffecker</u>, 530 F.3d 137, 196-97 (3d Cir. 2008); <u>United States v. Jimenez</u>, 513 F.3d 62, 88 (3d Cir. 2008). At sentencing the court "must—for any disputed portion of the Pre Sentence Report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32 (i) (3) (B).

  The Third Circuit does not seem to have explicitly stated upon whom the burden rests, however language in several cases indicate that it is on the party making the objection. <u>See</u> <u>United States v. Brown</u>, 438 F. App'x 75, 78 (3d Cir. 2011) ("Even if Brown were permitted to

Hon. Renee M. Bumb                                             February 27, 2014
Page 2

challenge this amount now, he could not satisfy his burden of producing some evidence that the amount submitted by the government is incorrect.") also United States v. Brennan, 326 F.3d 176, 196 (3d Cir. 2003) (affirming district court's finding "[t]hat the defense has not rebutted the [PSR]" after weighing the testimony on the disputed facts in the PSR); see also U.S. Dep't of Justice v. Julian, 486 U.S. 1, 4, (1988) ("[T]he defendant and his counsel are to be given an opportunity to comment on the report and to introduce evidence showing that the report contains factual inaccuracies."). If the parties cannot agree upon the facts in the PSR, the probation office preparing the report must indicate to the court that there are "unresolved objections, the grounds for those objections, and the probation officer's comments on them." United States v. Kluger, 722 F.3d 549, 564 (3d Cir. 2013) (quoting Fed.R.Crim.P. 32(g)). This was done in the PSR.

Courts making "a finding on a disputed fact or a disclaimer of reliance upon a disputed fact must [do so] expressly." United States v. Leahy, 445 F.3d 634, 663 (3d Cir. 2006) (quoting United States. v. Electrodyne Sys. Corp., 147 F.3d 250, 255 (3d Cir.1998)). If the court fails to make clear which evidence it "found credible [or] incredible" when describing its findings on disputed facts, this failure can constitute reversible error. Leahy, 445 F.3d at 664 (3d Cir. 2006). However, particularly in the case of a plea bargain, "Rule 32 does not require a trial as to the controverted facts; it only requires a finding or disclaimer" as to the use of the facts toward the sentencing decision. United States v. Blanco, 884 F.2d 1577, 1582 (3d Cir. 1989).

It is important to note that PSR's are generally confidential, and require a showing of "special need" before they will be disclosed to a third party. Julian, 486 U.S. at 12. Information regarding diagnoses which might disrupt a rehabilitation program, confidential sources of information, and any information which might result in harm to the defendant or others must not be disclosed in the PSR. FRCRP 32(d)(3). However, the defendant who is the subject of the PSR must be able to gain access to the PSR. Julian, 486 U.S. at 14.

While there is not a large amount of caselaw on redaction of a PSR, where it has been decided it is generally within the discretion of the Court, and defendants are not entitled to redaction. See Charles v. Keane, 98-7562 (JSM), 1999 WL 292548 (S.D.N.Y. May 7, 1999) ("There is no federal constitutional requirement that limits material in a presentence report to conduct that the defendant admits. Indeed, a presentence report may reflect, and a sentence may be based upon, a charge on which the defendant is acquitted." (citing U.S. v. Concepcion, 983 F.2d 389, 391 (2d Cir.1991))); also United States v. Knapper, 99-252, 2003 WL 241024 (E.D. La. Jan. 31, 2003) (allowing redaction on an unopposed motion where the bureau of prisons had previously "erroneously concluded that the offense of money laundering involved the carrying, possession, or use of a firearm" when prisoner was under review); United States v. Klan, 85-0244(S-3), 1993 WL 42185 (E.D.N.Y. Feb. 11, 1993) ("The request to redact the presentence report is denied. Judge Korman, to whom the report was presented, declined to do so.").

Hon. Renee M. Bumb  February 27, 2014
Page 3

However, the Second Circuit has suggested that if not redacting would cause one of the harms in Rule 32(d)(3)(C) then a court should order redaction. United States v. Elfgeeh, 377 F. App'x 103, 105 (2d Cir. 2010) (Affirming a District Court's refusal to re-sentence and redact a PSR because they could not "find that the defendant has been harmed by the contents of his PSR within the meaning of Federal Rule of Criminal Procedure 32(d)(3)(C).").

The issues presented by defendant Ronzell Mitchell and defendant Stephanie Mitchell do not seem to fit within any of the excluded information of Rule 32(d)(3), save for perhaps allegations of gang affiliation regarding defendant Ronzell Michell which he alleges will could affect his treatment in the prison system.

Number of Victims

The government stands by the stipulations in the plea agreement which result in an offense level of 16 for both defendants, with a criminal history category II as to defendant Ronzell Mitchell, as a result of his sentencing on February 6, 2014. This calculation did not include an enhancement for more than ten victims. It is important to note, however, that the Sentencing Commission amended the Guidelines in 2009 expanding the definition of victim to include "any individual whose means of identification was used unlawfully or without authority." Application Note 4 (E). This reversed the holding of the Third Circuit in United States v. Kennedy, 554 F.3d 415 (209) (upon which defense counsel relies in his sentencing memorandum dated February 21, 2014), and other cases, which held that identity theft victims who were reimbursed by a financial institution were not victims under the guidelines. In this case, the U.S. Probation Office has taken the position that approximately 23 victims were involved which would result in a two-level enhancement pursuant to U.S.S.G. 2B1.1(b)(2). The government continues to oppose the application of this two-level enhancement based on the fact that as of the date of the proffers on April 17, 2013, the government was not prepared to prove defendant's involvement in conduct relating to ten or more victims. But for the proffer protection, arguably this enhancement could apply.

Defendant's Sentencing Arguments

Defendant Ronzell Mitchell, in his sentencing memorandum ( hereinafter "RMitchell Sent. Mem") and defendant Stephanie Mitchell, in her sentencing memorandum dated February 14, 2014, have made several arguments regarding the appropriate sentence which the government would like to briefly address.

Staggered Sentences

First, both defendants have requested staggered sentences. The government does not oppose this request and is cognizant of the defendants concern that one of the two parents be home, if possible, to care for their children while the other is incarcerated.

Hon. Renee M. Bumb                                              February 27, 2014
Page 4

### Consecutive vs. Concurrent Sentence

Second, defendant Ronzell Mitchell has requested that the Court consider imposing a sentence which would run concurrently with the 46 month sentence that was imposed on February 6, 2014 by the Hon. Marcia A. Crone in the Eastern District of Texas. RMitchell Sent. Mem at p. 15. Title 18 U.S.C. Section 3584 (a) however, states in part, that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders the terms to run concurrently." In the instant case, there appears to be no reason that the sentence imposed in the instant case would not run consecutive to the Texas sentence. The crimes committed by defendant Ronzell Mitchell occurred at different times, in different jurisdictions and had completely different victims.

Federal courts are directed to consider the sentencing factors set out in 18 U.S.C. 3553(a) in making a decision whether to impose a term of imprisonment consecutively or concurrently to another term. 18 U.S.C. 3584(b). Several of the Section 3553(a) factors contemplate consideration of the total length of incarceration. See, e.g., 18 U.S.C. 3553(a)(2)(B), (a)(2)(C), and (a)(6). In the instant case, the government has made a motion pursuant to U.S.S.G. Section 5K1.1 for the court to depart downward from the otherwise applicable guideline range of 30 to 34 months. Should that motion be granted, defendant Ronzell Mitchell's sentence could potentially be reduced.

While this issue is within the sound discretion of the Court, it is the government's view that the statute and the 3553(a) factors support the imposition of a sentence that is consecutive to the sentence imposed in the Eastern District of Texas.

### Restitution and Forfeiture

Third, on the issue of restitution and forfeiture, defendant Ronzell Mitchell has requested that "under the unique circumstances of this case that the Court deem the forfeiture satisfied by the payment of restitution and vice versa." RMitchell Sent. Mem at p. 19.

Forfeiture and restitution are both required aspects of sentencing in this case. The Mandarory Victims Restitution Act of 1996, 18 U.S.C. Section 3663A, requires restitution for certain offenses, including fraud, in which an identifiable victim or victims has suffered a pecuniary loss. See United States v. Boccagna, 450 F.3d 107, 112 (2d Cir. 2006). This defendant's victims are identifiable, and their losses are quantifiable; thus, this Court must impose restitution. Similalry, the Court must impose forfeiture. 18 U.S.C. Section 981 (a)(1)(C) (authorizing forfeiture of proceeds from mail, wire, and securities fraud), made applicable to criminal cases by 28 U.S.C. Section 2461(c) ("If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property.") (emphasis added.

Hon. Renee M. Bumb  February 27, 2014
Page 5

Both are mandatory because they serve separate purposes. Courts have consistently recognized that forfeiture and restitution are distinct concepts serving different ends. Specifically, forfeiture is typically punitive and seeks to disgorge ill-gotten gains from a defendant; restitution instead focuses on compensating victims for their losses. See United States v. Pescatore, 637 F.3d 128, 138 (2d Cir. 2001), in which the Second Circuit affirmed the district court's denial of a defendant's motion to compel the government to apply his forfeiture monies towards his restitution obligation. The "uniqueness" of a given circumstance is not a factor.

Under the terms of the plea agreement, defendant Ronzell Mitchell had agreed, and is required, to pay restitution in the amount of $272,247. Moreover, at the plea hearing, both defendants signed a Consent Judgment and Order of Forfeiture in the amount of $272,257.75 which was entered by the Court. Neither amount has been paid. If either restitution is paid in full, or the forfeiture amount is paid in full, defendant Ronzell Mitchell may *then* request an Order from the Court asking that payment of one relieve him of the obligation to pay the other. That has not occurred, and the government objects to the request that one payment automatically satisfy both obligations.

Respectfully submitted,

PAUL J. FISHMAN

*Deborah J. Gannett*
By: DEBORAH J. GANNETT
Assistant U.S. Attorney

cc:  Paul Brickfield, Esq. (*via email*)
   Susan Cassell, Esq. (*via email*)
   Kim Artist, U.S.P.O. (*via email*)
   Deputy Clerk Art Roney (*via email*)